TYSON, Judge.
 

 *318
 
 Gary Dellinger, Virginia Dellinger, and Timothy S. Dellinger (collectively, "the Dellingers" or "Petitioners") appeal from order affirming the decision of the Lincoln County Board of Commissioners ("the Board") to deny Strata Solar, LLC's application for a conditional use permit. We affirm in part, reverse in part, and remand.
 

 I. Factual Background
 

 The Dellingers own three tracts of real property in Denver, Lincoln County, North Carolina, which total approximately fifty-four acres. In May 2013, the Dellingers contracted with Strata Solar, LLC ("Strata Solar") for it to lease a portion of their property for the installation and operation of a solar energy facility. The Dellingers' property was zoned for residential-single family use ("R-SF") under the Lincoln County Unified Development Ordinance ("the Ordinance"). The properties directly adjoining or abutting the Dellingers' property are zoned as planned development-residential ("PD-R") and general industrial ("I-G").
 

 The Ordinance schedules the operation of a solar energy farm as a permitted use on properties with this zoning classification, upon
 
 *319
 
 application for a conditional use permit. According to the Ordinance, an applicant for a conditional use permit must meet four conditions:
 

 (1) The use will not materially endanger the public health or safety if located where proposed and developed according to the plan;
 

 (2) The use meets all required conditions and specifications;
 

 (3) The use will not substantially injure the value of adjoining or abutting property unless the use is a public necessity; and
 

 (4) The location and character of the use, if developed according to the plan as submitted and approved, will be in harmony with the area in which it is to be located and will be in general conformity with the approved Land Development Plan for the area in question.
 

 On 23 July 2013, Strata Solar filed its conditional use permit application to construct a solar energy facility on a 35.25-acre portion of the land owned by the Dellingers. Strata Solar presented evidence in support of its application to the Lincoln County Planning Board during quasi-judicial hearings conducted on 9 September and 25 November 2013. The Lincoln County Planning Director reviewed the application, found it satisfied the four conditions, and recommended issuance of the permit. The Lincoln County Planning Board voted 4-4 on its recommendation to the Board of Commissioners for the conditional use permit.
 

 On 2 December and 16 December 2013, the Board of Commissioners held quasi-judicial hearings for consideration of and a final determination on Strata Solar's application. One commissioner recused himself from the vote. Twenty-four witnesses testified at the 2 December hearing.
 

 The hearing resumed on 16 December, and after the testimony and evidence was presented, the Board of Commissioners voted 3 to 1 to deny Strata Solar's application. The Board concluded Strata Solar had met the first two conditions in order to issue the conditional use permit. However, the Board voted against Strata Solar's application on not meeting the third and fourth conditions: (3) "[t]he use will not substantially injure the value of adjoining or abutting property unless the use is a public necessity;" and, (4) "[t]he location and character of the use, if developed according to the plan as submitted and approved, will be in harmony with the area in which it is located and will be in general conformity with the approved Land Development Plan for the area in question."
 

 *320
 
 The Dellingers filed a Notice of Appeal and Petition for Writ of Certiorari in the Lincoln County Superior Court on 17 January 2014. The superior court also entered an order, which permitted property owners Timothy P. Mooney, George Gerard Arena, Martha McLean, and the Sailview Owners Association (collectively, "Intervenors-Respondents") to intervene in this action. One of the intervenors, George Gerard Arena, subsequently took a voluntary dismissal and
 
 *25
 
 withdrew from the case, after he sold his residence within the Sailview subdivision during the pendency of the action. No evidence was presented on the value of, or factors surrounding, this sale within Sailview.
 

 On 7 August 2014, the superior court entered an order limiting the Dellingers' appeal to exclude "matters that could have been raised at the quasi-judicial hearing." The superior court concluded:
 

 The Petitioners, [the Dellingers,] by their failure to participate in the quasi-judicial hearing, waived their rights on appeal to complain of or object to those issues which could have been raised in the quasi-judicial hearing such that the scope of review is now limited to whether the Lincoln County Board of Commissioners' decision was supported by substantial competent evidence in view of the entire record and/or whether the Board's decision was arbitrary or capricious using the "whole record" test.
 

 The Dellingers' appeal was heard on 26 January 2015. The superior court entered a written order on 25 February 2015, in which the court concluded it was "unable to determine whether the Board's decision on the third requirement was supported or unsupported by substantial competent evidence in view of the entire record." The superior court also held "[t]he Board did not make sufficient findings of fact regarding the third requirement," and "remand[ed] the matter to the Board for additional findings of fact regarding its decision to find in the negative as to the third requirement that 'the use will not substantially injure the value of adjoining property unless the use is a public necessity.' "
 

 The superior court also reversed the Board's decision concerning Strata Solar's compliance with the fourth condition. The superior court concluded: "After reviewing the entire record, ... there is not substantial evidence to support the Board's decision that the use is not in harmony with the area." This ruling on Strata Solar's compliance with the fourth condition was not appealed from, and is binding upon all parties.
 

 Following the superior court's remand, the matter came before the Board of Commissioners for the second time on 16 March 2015. No new
 
 *321
 
 testimony or additional evidence was taken. The membership of the Board had changed to include two new members since the initial decision was rendered on 16 December 2013.
 

 The Chair of the Board had originally recused himself, and did so once again. New Commissioner Beam, the Vice-Chair, also recused himself, against the advice of the County Attorney, and stated he was not a member of the Board when it issued its original decision. Commissioner Martin Oakes ("Commissioner Oakes"), another new member of the Board, stated he had reviewed the entire record of the prior proceedings and participated in the 16 March vote.
 

 The Board voted 2 to 1 to deny the conditional use permit application in a written decision dated 20 March 2015. The Dellingers filed a second Notice of Appeal and Petition for Writ of Certiorari. The Lincoln County Superior Court issued a second writ of certiorari on 16 April 2015. The superior court permitted the Intervenors-Respondents to intervene in the second action by order entered 8 June 2015.
 

 The Dellingers' appeal was heard on 26 May 2015. The superior court entered its Decision on Appeal on 17 July 2015, which affirmed the Board's denial of the conditional use permit. The Dellingers gave timely notice of appeal to this Court. While Lincoln County and its Board of Commissioners are listed as party-defendants, neither filed a brief on appeal nor was either entity represented during oral arguments before this Court.
 

 II. Issues
 

 The Dellingers argue the superior court erred by affirming the Board's decision because: (1) the application for a conditional use permit was supported by competent, material, and substantial evidence; (2) the Board erred by allowing Commissioner Oakes to participate in the hearing and vote, and by requiring an improper burden of proof; and, (3) the Board's denial of the conditional use permit was not supported by competent, material, and substantial evidence.
 

 *26
 

 III. Standard of Review
 

 "A legislative body such as the Board, when granting or denying a conditional use permit, sits as a quasi-judicial body."
 
 Sun Suites Holdings, LLC v. Bd. of Aldermen of Town of Garner,
 

 139 N.C.App. 269
 
 , 271,
 
 533 S.E.2d 525
 
 , 527,
 
 disc. review denied,
 

 353 N.C. 280
 
 ,
 
 546 S.E.2d 397
 
 (2000).
 

 *322
 
 Our Supreme Court has recognized, "[d]ue process requirements mandate that certain
 
 quasi-judicial
 
 [land use] decisions comply with all fair trial standards when they are made."
 
 County of Lancaster v. Mecklenburg Cty.,
 

 334 N.C. 496
 
 , 506,
 
 434 S.E.2d 604
 
 , 611 (1993) (emphasis supplied). In addition to prior notice and an impartial decision-maker, our Supreme Court has explained these "fair trial standards" also include "an evidentiary hearing with the right of the parties to offer evidence; cross-examine adverse witnesses; inspect documents; have sworn testimony; and have written findings of fact supported by competent, substantial, and material evidence."
 
 Id.
 
 at 507-08,
 
 434 S.E.2d at 612
 
 (citations omitted).
 

 The Board's decisions "shall be subject to review of the superior court in the nature of certiorari[,]" N.C. Gen.Stat. § 160A-381(c) (2015), in which "the superior court sits as an appellate court, and not as a trier of facts."
 
 Tate Terrace Realty Inv'rs, Inc. v. Currituck Cty.,
 

 127 N.C.App. 212
 
 , 217,
 
 488 S.E.2d 845
 
 , 848 (citation omitted),
 
 disc. review denied,
 

 347 N.C. 409
 
 ,
 
 496 S.E.2d 394
 
 (1997).
 

 The role of the superior court in reviewing the decision of a Board of Commissioners, sitting as a quasi-judicial body, has been defined as follows:
 

 (1) Reviewing the record for errors in law,
 

 (2) Insuring that procedures specified by law in both statute and ordinance are followed,
 

 (3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,
 

 (4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and
 

 (5) Insuring that decisions are not arbitrary and capricious.
 

 Coastal Ready-Mix Concrete Co., Inc. v. Bd. of Comm'rs of Town of Nags Head,
 

 299 N.C. 620
 
 , 626,
 
 265 S.E.2d 379
 
 , 383,
 
 reh'g denied,
 

 300 N.C. 562
 
 ,
 
 270 S.E.2d 106
 
 (1980).
 

 "This Court's task on review of the superior court's order is twofold: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly."
 

 *323
 

 SBA, Inc. v. City of Asheville City Council,
 

 141 N.C.App. 19
 
 , 23,
 
 539 S.E.2d 18
 
 , 20 (2000) (citations and internal quotation marks omitted).
 

 In reviewing the sufficiency and competency of the evidence at the appellate level, the question is not whether the evidence before the superior court supported that court's order but whether the evidence before the [county] board was supportive of its action. In proceedings of this nature, the superior court is not the trier of fact. Such is the function of the [county] board.
 

 Coastal Ready-Mix,
 

 299 N.C. at 626
 
 ,
 
 265 S.E.2d at 383
 
 .
 

 When a party alleges the Board of Commissioners' decision was based upon an error of law, both the superior court, sitting as an appellate court, and this Court reviews the matter
 
 de novo,
 
 considering the matter anew.
 
 Humane Soc'y of Moore Cty., Inc. v. Town of S. Pines,
 

 161 N.C.App. 625
 
 , 629,
 
 589 S.E.2d 162
 
 , 165 (2003) (citation omitted).
 

 When a party challenges the sufficiency of the evidence or when the Board's decision is alleged to have been arbitrary and capricious, this Court employs the whole record test. "The whole record test requires the reviewing court to examine all competent evidence (the whole record) in order to determine whether the agency decision is supported by substantial evidence."
 
 SBA, Inc.,
 

 141 N.C.App. at 26
 
 ,
 
 539 S.E.2d at 22
 
 (citations and internal quotation marks omitted). "The reviewing court should not replace the [Board's] judgment as between two reasonably conflicting views; while the record may contain evidence contrary to the findings of
 
 *27
 
 the agency, this Court may not substitute its judgment for that of the agency."
 

 Id.
 

 (citation and internal quotation marks omitted).
 

 IV. Analysis
 

 A. Strata Solar's Prima Facie Case
 

 Petitioners first argue the superior court erred by affirming the Board's decision and asserts Strata Solar's application for a conditional use permit was supported by competent, substantial, and material evidence. We agree.
 

 Our Supreme Court has stated:
 

 Zoning regulations are in derogation of common law rights and they cannot be construed to include or exclude by implication that which is not clearly their express terms. It has been held that well-founded doubts as to the meaning
 
 *324
 
 of obscure provisions of a Zoning Ordinance should be resolved in favor of the free use of property.
 

 Yancey v. Heafner,
 

 268 N.C. 263
 
 , 266,
 
 150 S.E.2d 440
 
 , 443 (1966) (citation and quotation marks omitted);
 
 see also
 

 Vance S. Harrington & Co. v. Renner,
 

 236 N.C. 321
 
 , 324,
 
 72 S.E.2d 838
 
 , 840 (1952) ("Every person owning property has the right to make any lawful use of it he sees fit, and restrictions sought to be imposed on that right must be carefully examined....");
 
 Lambeth v. Town of Kure Beach,
 

 157 N.C.App. 349
 
 , 354,
 
 578 S.E.2d 688
 
 , 691 (2003) ("Zoning ordinances derogate common law property rights and must be strictly construed in favor of the free use of property.").
 

 "When an applicant for a conditional use permit produces competent, material, and substantial evidence of compliance with all ordinance requirements, the applicant has made a
 
 prima facie
 
 showing of entitlement to a permit."
 
 Howard v. City of Kinston,
 

 148 N.C.App. 238
 
 , 246,
 
 558 S.E.2d 221
 
 , 227 (2002) (citation and internal quotation marks omitted). Material evidence is "[e]vidence having some logical connection with the facts of consequence or the issues." Black's Law Dictionary 638 (9th ed.2009). Substantial evidence is "evidence a reasonable mind might accept as adequate to support a conclusion."
 
 Humane Soc'y of Moore Cty.,
 

 161 N.C.App. at 629
 
 ,
 
 589 S.E.2d at 165
 
 (citation and quotation marks omitted). "It must do more than create the suspicion of the existence of the fact to be established. It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."
 
 Humble Oil & Ref. Co. v. Bd. of Aldermen,
 

 284 N.C. 458
 
 , 471,
 
 202 S.E.2d 129
 
 , 137 (1974) (citation, internal quotation marks, and alterations omitted).
 

 Our Supreme Court held:
 

 When an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit,
 
 prima facie
 
 he is entitled to it. A denial of the permit should be based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record.
 

 Id.
 
 at 468,
 
 202 S.E.2d at 136
 
 (citations omitted).
 

 "[W]hether competent, material and substantial evidence is present in the record is a conclusion of law."
 
 Clark v. City of Asheboro,
 

 136 N.C.App. 114
 
 , 119,
 
 524 S.E.2d 46
 
 , 50 (1999) (internal quotation marks
 
 *325
 
 omitted). "[W]e review
 
 de novo
 
 the initial issue of whether the evidence presented by [P]etitioner[s] met the requirement of being competent, material, and substantial. The [county's] ultimate decision about how to weigh that evidence is subject to whole record review."
 
 American Towers, Inc. v. Town of Morrisville,
 

 222 N.C.App. 638
 
 , 641,
 
 731 S.E.2d 698
 
 , 701 (2012),
 
 disc. review denied,
 

 366 N.C. 603
 
 ,
 
 743 S.E.2d 189
 
 (2013).
 
 See also
 

 SBA, Inc. v. City of Asheville City Council,
 

 141 N.C.App. 19
 
 , 23-29,
 
 539 S.E.2d 18
 
 , 20-24 (2000) (determining petitioner did not present sufficient evidence under
 
 de novo
 
 review and employing whole record test to find respondent properly weighed the evidence before it).
 

 As discussed
 
 supra,
 
 the Ordinance requires an applicant to meet four conditions prior to issuance of a permit. In order for Strata Solar to make a
 
 prima facie
 
 showing of entitlement to a conditional use permit, it
 
 *28
 
 was required to present competent, substantial, and material evidence to meet the four conditions enumerated in the Ordinance. There is no dispute on appeal that Strata Solar's evidence met Conditions (1), (2), and (4) of the Ordinance. We focus our analysis on Condition (3).
 

 We first consider whether Strata Solar made a
 
 prima facie
 
 showing of entitlement to a conditional use permit on Condition (3). At the hearings on 2 and 16 December 2013, the Board of Commissioners heard evidence in favor of and against the application for the conditional use permit for the proposed solar farm.
 

 Strata Solar produced "evidence that a solar farm would not emit noise, odors, or generate traffic, things that are considered to affect or reduce value to neighboring properties." Strata Solar presented the testimony and report of Richard Kirkland ("Mr. Kirkland"), a licensed and certified real estate appraiser, who has achieved the National Appraisal Institute's highest designation as a Member of the Appraisal Institute ("MAI"). Mr. Kirkland was tendered and admitted as an expert witness without objection, and testified the proposed solar farm would be in harmony with the area and its presence would not substantially injure the value of adjoining or abutting properties.
 

 Mr. Kirkland's testimony was based upon his market review and analysis of paired and matched sales of real property, which adjoin a solar farm, in order to determine whether the solar farm's presence impacted the value of the adjoining or abutting properties. Mr. Kirkland specifically examined sales of homes in the Spring Garden subdivision, located in Goldsboro, North Carolina. Mr. Kirkland analyzed five sales in Spring Garden-two of which had occurred since the announcement of the solar farm, and three of which occurred after the solar farm was
 
 *326
 
 constructed. Of these five homes, four of them "back up to,"
 
 i.e.
 
 "adjoin or abut," the property hosting the solar farm.
 

 Mr. Kirkland explained the results of the matched pair data analysis demonstrated the properties sold for similar prices both before and after the construction of the solar farm. Mr. Kirkland stated: "The prices being paid for are pretty much what the builder is asking." Based on these results, Mr. Kirkland testified, in his professional opinion, that proximity to a solar farm did not have a negative impact upon the value of the adjoining or abutting property.
 

 Mr. Kirkland acknowledged the average value of homes in Spring Garden are $220,000.00 to $240,000.00, while the houses located within one mile of Strata Solar's proposed solar facility average more than $460,000.00. Mr. Kirkland testified he also "looked at some property in Chapel Hill," where a home which was adjacent to a solar farm was under contract for approximately $750,000.00, within the same price range of the homes in the Sailview subdivision.
 

 Strata Solar also submitted into the record evidence the sworn affidavit of Mr. Kirkland. In his affidavit, Mr. Kirkland attested, in his professional opinion, "the proposed solar farm will not substantially injure the value of adjoining property and is in harmony with the area in which it is located." This expert testimony and affidavit were not objected to, were properly admitted into evidence, and constitute competent, material, and substantial evidence to support a
 
 prima facie
 
 showing of Strata Solar's compliance with Condition 3 of the Ordinance and entitlement to the permit.
 

 Strata Solar also elicited testimony from Damon Bidencope ("Mr. Bidencope"), another licensed and certified real estate appraiser, who had also achieved the MAI designation. Mr. Bidencope testified the Sailview subdivision was designed and landscaped to form "an insulated enclave," which is isolated from other properties and developments in the area. He also testified the proposed solar facility would likely not be visible to those traveling on Webbs Road, or by residents or visitors from within the Sailview subdivision, due to the multiple layers of landscaping and fencing surrounding the proposed solar farm.
 

 Mr. Bidencope testified he reviewed seven different solar farms in and around the area "because we were also trying to look and locate information that showed a significant
 
 *29
 
 or any deleterious effect on properties. We were unable to find it in our research."
 
 *327
 
 The Board found Strata Solar had met its "burden of production" but " found the evidence unpersuasive." The Board denied the conditional use permit and concluded Strata Solar failed to satisfy Condition (3)-that the use would not substantially injure "the value of adjoining or abutting property." The Board voted 2 to 1 that Strata Solar had failed to make out its
 
 prima facie
 
 case under Condition (3).
 

 The superior court reiterated: "[T]here was not substantial, material and competent evidence submitted by the Applicant, Strata Solar, to support a conclusion that issuance of a conditional use permit would not substantially injure the value of adjoining or abutting property." In light of the evidence summarized above, we hold that the superior court erred by upholding the Board's conclusion that Strata Solar failed to present substantial, material, and competent evidence to make a
 
 prima facie
 
 showing it was entitled to issuance of the conditional use permit.
 

 The record shows Strata Solar produced substantial, material, and competent evidence to establish its
 
 prima facie
 
 case of entitlement for issuance of the conditional use permit. We reverse that portion of the superior court's order, which affirmed the Board's decision that Strata Solar had failed to present substantial, material, and competent evidence to establish a
 
 prima facie
 
 case of meeting Condition (3) to warrant issuance of the conditional use permit.
 

 B. Commissioner Martin Oakes' Participation and Improper Burden of Proof
 

 1. Commissioner Oakes' Participation
 

 Petitioners argue the Board erred by allowing Commissioner Oakes to participate in the Board's vote on remand, because he was not on the Board when it rendered its original decision to deny issuing Strata Solar's conditional use permit. We disagree.
 

 In
 
 Brannock v. Zoning Bd. of Adjustment,
 

 260 N.C. 426
 
 ,
 
 132 S.E.2d 758
 
 (1963), the petitioners argued a special use permit was improperly granted because,
 
 inter alia,
 
 the membership of the Zoning Board of Adjustment changed between the original hearing and the final approval of the application. In a
 
 per curiam
 
 opinion, our Supreme Court affirmed the grant of the special use permit because "[t]he new members had access to the minutes and records of the various hearings and the required majority participated and joined in all decisions."
 
 Id.
 
 at 427,
 
 132 S.E.2d at 759
 
 .
 

 *328
 
 Here, although the addition of two new Board members had changed the membership composition of the Board from the time of the initial hearings in December 2013 to the time the Board reviewed the matter on 16 March 2015 after remand, both new Board members had an opportunity to read and review all of the evidence previously considered. Commissioner Oakes stated he "reviewed the entire record of the prior proceedings" before participating in the 16 March vote.
 

 The change in Board membership composition had no effect upon Petitioners or Strata Solar's ability to present its arguments in favor of issuance of the conditional use permit.
 
 See
 

 Cox v. Hancock,
 

 160 N.C.App. 473
 
 , 483,
 
 586 S.E.2d 500
 
 , 507 (2003) (holding "access to the minutes and exhibits from the earlier meeting" assured petitioners were provided with due process and change in Board membership had no effect on petitioners' ability to present arguments).
 

 Petitioners have failed to show any prejudice by new Commissioner Oakes' participation in the hearing and vote on remand.
 
 See
 

 Baker v. Town of Rose Hill,
 

 126 N.C.App. 338
 
 , 342,
 
 485 S.E.2d 78
 
 , 81 (1997) (holding petitioners failed to show prejudice where four of five members of Town Board voted in favor of resolution to issue conditional use permit). This argument is overruled. The superior court's ruling on this issue is affirmed.
 

 2. Improper Burden of Proof
 

 Petitioners argue an improper burden of proof was imposed and their Due Process rights were violated because Commissioner Patton stated he was voting against issuing the permit because the applicant did not prove its case "beyond a doubt," and Commissioner Oakes and the Board's
 
 *30
 
 findings of fact stated "[a]lthough [Strata Solar] did meet its burden of production and provided evidence as to this element, we found the evidence unpersuasive." We review this alleged error of law
 
 de novo.
 

 Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjustment,
 

 140 N.C.App. 99
 
 , 102,
 
 535 S.E.2d 415
 
 , 417 (2000) ("If a petitioner contends the Board's decision was based on an error of law,
 
 de novo
 
 review is proper."),
 
 aff'd,
 

 354 N.C. 298
 
 ,
 
 554 S.E.2d 634
 
 (2001).
 

 The above-mentioned statements were made during the Board's 16 March 2015 deliberations upon remand from the superior court. The transcript of the 16 March deliberations and the record before us support Petitioners' argument that the Board's decision was based upon holding Strata Solar to an improper burden and legal standard. The superior court concluded "there were no procedural errors in the Board of Commissioners' decision on remand" and Commissioner Patton's
 
 *329
 
 statement "does not suggest to the Court that he applied the wrong legal standard, but rather that he merely used a layman's term."
 

 "This Court must examine the trial court's order for error of law just as with any other civil case."
 
 Tate Terrace,
 

 127 N.C.App. at 219
 
 ,
 
 488 S.E.2d at 849
 
 (citation and internal quotation marks omitted). Based on the evidence presented, the Board found "the applicant has failed to meet its burden of proof. Although it did meet its burden of
 
 production
 
 and provided evidence as to this element, we found the evidence unpersuasive." (emphasis supplied).
 

 In
 
 Woodhouse v. Bd. of Comm'rs of Nags Head,
 

 299 N.C. 211
 
 , 217,
 
 261 S.E.2d 882
 
 , 887 (1980), our Supreme Court noted: "It is well settled [sic] that an applicant has the initial burden of showing compliance with the standards and conditions required by the ordinance for the issuance of a conditional use permit." Our Supreme Court further stated:
 

 To hold that an applicant must first anticipate and then prove or disprove each and every general consideration would impose an intolerable, if not impossible, burden on an applicant for a conditional use permit. An applicant need not negate every possible objection to the proposed use. Furthermore, once an applicant shows that the proposed use is permitted under the ordinance and presents testimony and evidence which shows that the application meets the requirements for a special exception, the burden ... falls upon those who oppose the issuance of a special exception.
 

 Id.
 
 at 219,
 
 261 S.E.2d at 887-88
 
 (citations and internal quotation marks omitted).
 

 Commissioner Patton's reference to holding Strata Solar to a "beyond a doubt" standard during the deliberations, in addition to Commissioner Oakes stating and the Board's order denying Strata Solar's permit because it "failed to meet its burden of proof" tends to show the Board imposed an improper standard or failed to recognize the requisite burden-shifting to the Intervenors-Respondents after Strata Solar had made its
 
 prima facie
 
 case for entitlement.
 
 Humble Oil,
 

 284 N.C. at 468
 
 ,
 
 202 S.E.2d at 136
 
 (citations omitted).
 

 Once Strata Solar established its
 
 prima facie
 
 case, the Board's decision not to issue the permit must be "based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record."
 

 Id.
 

 *330
 
 Here, the Board not only required Strata Solar to meet its burden of production to make its
 
 prima facie
 
 case, but one decision-maker apparently imposed a "beyond a doubt" burden of proof on Strata Solar. The Board also incorrectly implemented a "burden of persuasion" upon Strata Solar after Strata Solar it presented a
 
 prima facie
 
 case, rather than shifting the burden to the Intervenors-Respondents to produce rebuttal evidence contra to overcome Strata Solar's entitlement to the conditional use permit.
 

 The Board's requirements are contrary to our Supreme Court's holdings in
 
 Humble Oil
 
 and
 
 Woodhouse,
 
 and as consistently applied in their progeny.
 
 See
 

 Cumulus Broad., LLC v. Hoke Cty. Bd. of Comm'rs,
 

 180 N.C.App. 424
 
 , 427,
 
 638 S.E.2d 12
 
 , 15-16 (2006) ("When an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit,
 
 prima facie
 

 *31
 
 he is entitled to it." (citation and quotation marks omitted));
 
 Howard,
 

 148 N.C.App. at 246
 
 ,
 
 558 S.E.2d at 227
 
 ("Once an applicant makes [its
 
 prima facie
 
 ] showing, the burden ... falls upon those who oppose the issuance of the permit." (citation omitted)).
 

 The superior court's order is reversed on this issue and remanded to that court for further remand to the Board for additional quasi-judicial proceedings, utilizing the proper legal procedures and standards, which hold Strata Solar and Intervenors-Respondents to their respective burdens of proof. In light of this decision, we need not address Petitioners' remaining argument that the Board's denial of Strata Solar's conditional use permit was not supported by competent, substantial, and material evidence.
 

 V. Conclusion
 

 Strata Solar produced substantial, material, and competent evidence to establish a
 
 prima facie
 
 case of entitlement to the issuance of a conditional use permit by Lincoln County.
 

 Petitioners have failed to carry their burden to show they were prejudiced or denied Due Process by new Commissioner Oakes' participation in the Board's decision upon remand. Petitioners' argument that Strata Solar was held to an improper burden of proof and that the Board failed to shift the burden of proof to the Intervenors-Respondents is supported by the record.
 

 The order of the superior court, which upheld the Board's denial of Strata Solar's application for a conditional use permit, is reversed
 
 *331
 
 and remanded with further instructions to remand to the Board for further proceedings consistent with this opinion.
 
 See
 
 N.C. Gen. Stat. § 160A-393(k)(3) (2015),
 
 Dobo v. Zoning Bd. of Adjustment of Wilmington,
 

 149 N.C.App. 701
 
 , 712-13,
 
 562 S.E.2d 108
 
 , 115-16 (2002) (Tyson, J., dissenting),
 
 rev'd per curiam,
 

 356 N.C. 656
 
 ,
 
 576 S.E.2d 324
 
 (2003).
 

 AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
 

 Judges BRYANT and INMAN concur.