IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1080

 Filed: 16 July 2019

Lincoln County, No. 17 CVS 788

GARY DELLINGER, VIRGINIA DELLINGER and TIMOTHY S. DELLINGER,
Petitioners,

 v.

LINCOLN COUNTY, LINCOLN COUNTY BOARD OF COMMISSIONERS and
STRATA SOLAR, LLC, Respondents,

and

MARK MORGAN, BRIDGETTE MORGAN, TIMOTHY MOONEY, NADINE
MOONEY, ANDREW SCHOTT, WENDY SCHOTT, ROBERT BONNER,
MICHELLE BONNER, JEFFREY DELUCA, LISA DELUCA, MARTHA MCLEAN,
CHARLEEN MONTGOMERY, ROBERT MONTGMERY, DAVID WARD, Intervenor
Respondents.

 Appeal by petitioners from order entered 21 May 2018 by Judge Karen Eady-

Williams in Lincoln County Superior Court. Heard in the Court of Appeals 23 April

2019.

 Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A., by Jason White, for petitioner-
 appellants.

 The Deaton Law Firm, PLLC, by Wesley L. Deaton, Megan H. Gilbert and Jacob
 R. Glass, for respondent-appellee Lincoln County and Lincoln County Board of
 Commissioners.

 TYSON, Judge.
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 Gary Dellinger, Virginia Dellinger, and Timothy S. Dellinger (“Petitioners”)

appeal from an order affirming the quasi-judicial decision of the Lincoln County

Board of Commissioners (“the Board”) to deny the issuance of a conditional use

permit. We reverse and remand.

 I. Background

 This case returns to this Court a second time. Dellinger v. Lincoln Cty., 248

N.C. App. 317, 789 S.E.2d 21, disc. review denied, 369 N.C. 190, 794 S.E.2d 324

(2016). A more detailed recitation of the facts of this matter can be found in this

Court’s opinion from the first appeal. Id. at 318-21, 789 S.E.2d at 24-25.

 Petitioners own approximately fifty-four acres of real property located in

Lincoln County, North Carolina. In 2013, Petitioners contracted with Strata Solar,

LLC (“Strata”) to lease a portion of the property for the installation of a solar farm.

Strata applied for a conditional use permit, which the Board denied. On appeal, the

superior court concluded the Board did not make sufficient findings of fact concerning

the impact of the proposed solar farm on surrounding property values, and remanded

the matter to the Board to make additional findings. After remand, the superior court

affirmed the Board’s decision, which had concluded Strata had failed to provide

substantial, material, and competent evidence that the proposed solar farm would

not substantially injure the value of adjoining or abutting property.

 -2-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 On appeal, this Court concluded Petitioner had “produced substantial,

material, and competent evidence to establish its prima facie case of entitlement for

issuance of the conditional use permit.” Id. at 327, 789 S.E.2d at 29. This Court also

concluded the Board had “incorrectly implemented a ‘burden of persuasion’ upon

Strata Solar after . . . it presented a prima facie case, rather than shifting the burden

to the Intervenors-Respondents to produce rebuttal evidence contra to overcome

Strata Solar’s entitlement to the conditional use permit.” Id. at 330, 789 S.E.2d at 30.

This Court unanimously reversed the superior court’s order and remanded the matter

for further proceedings. Id. at 330-31, 789 S.E.2d at 31. The Intervenors filed a

petition for discretionary review with the Supreme Court, which was denied.

Dellinger v. Lincoln Cty., 360 N.C. 190, 794 S.E.2d 324 (2016).

 Upon remand, the Intervenors filed a motion to dismiss for lack of subject

matter jurisdiction, due to Strata exiting from the solar farm project on Petitioners’

land. Strata had sent notice of its intention to withdraw its application for the

conditional use permit in February 2017. The superior court denied Intervenors’

motion and remanded the matter to the Board, in accordance with this Court’s

opinion. Intervenors filed another motion to dismiss before the Board, which was also

denied.

 The Intervenors filed a motion to recuse Commissioner Mitchem. Petitioners

filed a motion to recuse Commissioner Permenter. The Board denied both of the

 -3-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

motions. The Board concluded Petitioners had established a prima facie case of

entitlement to a conditional use permit, but the Intervenors had produced sufficient

evidence contra to overcome it. By a 4-1 vote, the Board denied the application for

the conditional use permit.

 Petitioners appealed to the superior court. The superior court affirmed the

Board’s denial of Petitioners’ motion to recuse Commissioner Permenter. The

superior court concluded the Intervenors had presented competent, material, and

substantial evidence to rebut Petitioner’s prima facie case and the Board’s decision

to deny the application for the conditional use permit was not arbitrary and

capricious. The superior court affirmed the Board’s decision. Petitioners appeal.

 II. Jurisdiction

 Intervenors argue this matter should be dismissed for lack of subject matter

jurisdiction, as Strata’s withdrawal of its application renders this matter moot. This

issue was raised before and denied by both the superior court and the Board.

Intervenors failed to appeal the Board’s denial of their motion to dismiss when this

matter again returned to the superior court. Intervenors filed neither a motion to

dismiss, a cross-appeal, nor a petition for writ of certiorari in this Court. However,

“a party may present for review the question of subject matter jurisdiction by raising

the issue in his brief.” Carter v. N.C. State Bd. for Prof’l Eng’rs, 86 N.C. App. 308,

310, 357 S.E.2d 705, 706 (1987) (citing N.C. R. App. P. 10(a)).

 -4-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 N.C. Gen. Stat. § 160A-388, applied to counties under § 153A-345.1(a), provides

that “[e]very quasi-judicial decision shall be subject to review by the superior court

by proceedings in the nature of certiorari pursuant to G.S. 160A-393.” N.C. Gen. Stat.

§ 160A-388(e2)(2) (2017). This statute includes judicial review for the grant or denial

of conditional use permits. Coastal Ready-Mix Concrete Co. v. Bd. of Comm’rs, 299

N.C. 620, 623, 265 S.E.2d 379, 381 (1980).

 “Standing is a necessary prerequisite to a court’s proper exercise of subject

matter jurisdiction.” Cook v. Union Cty. Zoning Bd. of Adjustment, 185 N.C. App. 582,

588, 649 S.E.2d 458, 464 (2007) (citation omitted). N.C. Gen. Stat. § 160A-393 grants

standing to “any person” who “[h]as an ownership interest in the property that is the

subject of the decision being appealed” as well as “an applicant before the decision-

making board whose decision is being appealed.” N.C. Gen. Stat. § 160A-393(d)(1)

(2017).

 “Additionally, it is the general rule that once jurisdiction attaches, it will not

be ousted by subsequent events.” Finks v. Middleton, 251 N.C. App. 401, 408, 795

S.E.2d 789, 795 (2016) (citation and internal quotation marks omitted). “Jurisdiction

is not a light bulb which can be turned off or on during the course of the trial. Once

a court acquires jurisdiction over an action it retains jurisdiction over that action

throughout the proceeding.” Quesinberry v. Quesinberry, 196 N.C. App. 118, 123, 674

S.E.2d 775, 778-79 (2009) (citation omitted).

 -5-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 Both Strata and Petitioners had standing to appeal the quasi-judicial decision

of the Board. N.C. Gen. Stat. § 160A-393(d)(1). Because Petitioners, as owners of the

property, continue to seek appellate review and issuance of a conditional use permit

for their property, this Court retains subject matter jurisdiction, and this matter is

not moot. See Finks, 251 N.C. App. at 408, 795 S.E.2d at 795.

 The order from the superior court is a final judgment and provides Petitioners

with an appeal of right to this Court. N.C. Gen. Stat. § 7A-27(b) (2017).

 III. Issues

 Petitioners argue: (1) the denial of Petitioners’ motion to recuse Commissioner

Permenter deprived Petitioners of their constitutional right to a quasi-judicial

proceeding before a fair and impartial decision-maker; and, (2) the Intervenors failed

to produce competent, material, and substantial evidence contra to overcome

Petitioners’ prima facie showing of an entitlement to a conditional use permit.

 IV. Standard of Review

 “A legislative body such as the Board, when granting or denying a conditional

use permit, sits as a quasi-judicial body.” Sun Suites Holdings, LLC v. Bd. of

Aldermen, 139 N.C. App. 269, 271, 533 S.E.2d 525, 527 (2000) (citation omitted). Its

decisions are reviewable by the superior court sitting “as an appellate court, and not

as a trier of facts.” Id. (citations omitted).

 -6-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 “When a party alleges an error of law in the [Board’s] decision, the reviewing

court examines the record de novo, considering the matter anew.” Humane Soc’y of

Moore Cty. v. Town of S. Pines, 161 N.C. App. 625, 629, 589 S.E.2d 162, 165 (2003)

(citations omitted). Whether competent, material, and substantial evidence was

presented is a question of law, which is reviewed de novo. Blair Invs., LLC v. Roanoke

Rapids City Council, 231 N.C. App. 318, 321, 752 S.E.2d 524, 527 (2013). “The

[county’s] ultimate decision about how to weigh that evidence is subject to whole

record review.” Am. Towers, Inc. v. Town of Morrisville, 222 N.C. App. 638, 641, 731

S.E.2d 698, 701 (2012).

 “This Court’s task on review of the superior court’s order is twofold: (1)

determining whether the trial court exercised the appropriate scope of review and, if

appropriate, (2) deciding whether the court did so properly.” SBA, Inc. v. City of

Asheville City Council, 141 N.C. App. 19, 23, 539 S.E.2d 18, 20 (2000) (citations and

internal quotation marks omitted).

 V. Analysis

 A. Due Process Rights

 Petitioners assert the superior court erred by holding Petitioners’ due process

rights to an impartial hearing were not prejudiced by the participation, advocacy, and

vote by Commissioner Permenter. We agree.

 A member of any board exercising quasi-judicial functions
 . . . shall not participate in or vote on any quasi-judicial

 -7-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 matter in a manner that would violate affected persons’
 constitutional rights to an impartial decision-maker.
 Impermissible violations of due process include, but are not
 limited to, a member having a fixed opinion prior to
 hearing the matter that is not susceptible to change,
 undisclosed ex parte communications, a close familial,
 business, or other associational relationship with an
 affected person, or a financial interest in the outcome of the
 matter.

N.C. Gen. Stat. §160A-388(e)(2) (2017).

 “Governing bodies sitting in a quasi-judicial capacity are performing as judges

and must be neutral, impartial, and base their decisions solely upon the evidence

submitted.” PHG Asheville, LLC v. City of Asheville, __ N.C. App. __, __, 822 S.E.2d

79, 85 (2018) (citation omitted). Board members acting in a quasi-judicial capacity

are held to a high standard: “[n]eutrality and the appearance of neutrality are equally

critical in maintaining the integrity of our judicial and quasi-judicial processes.”

Handy v. PPG Indus., 154 N.C. App. 311, 321, 571 S.E.2d 853, 860 (2002).

 A party who asserts a board member is biased against them may move for

recusal. The burden is on the moving party to prove that, objectively, the grounds for

disqualification exist. See JWL Invs., Inc. v. Guilford Cty. Bd. of Adjustment, 133 N.C.

App. 426, 430, 515 S.E.2d 715, 718 (1999); In re Ezzell, 113 N.C. App. 388, 394, 438

S.E.2d 482, 485 (1994).

 There is a “presumption of honesty and integrity in those serving as

adjudicators on a quasi-judicial tribunal,” but that presumption does not preclude a

showing of demonstrated bias, mandating recusal. In re N. Wilkesboro Speedway,

 -8-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

Inc., 158 N.C. App. 669, 675, 582 S.E.2d 39, 43 (2003) (citations and internal

quotation marks omitted).

 Bias has been defined as a predisposition to decide a cause
 or an issue in a certain way, which does not leave the mind
 perfectly open to conviction. Bias can refer to
 preconceptions about facts, policy or law; a person, group
 or object; or a personal interest in the outcome of some
 determination. However, in order to prove bias, it must be
 shown that the decision-maker has made some sort of
 commitment, due to bias, to decide the case in a particular
 way.

Id. at 676, 582 S.E.2d at 43 (citing Smith v. Richmond Cty. Bd. of Educ., 150 N.C.

App. 291, 299, 563 S.E.2d 258, 265-66 (2002), overruled on other grounds, N.C. Dept.

of Env’t and Nat. Res. v. Carroll, 388 N.C. 649, 599 S.E.2d 649 (2004)).

 “[E]xposure to rumors is not, in and of itself, cause to believe that Board

members have been biased” Evers v. Pender Cty. Bd. of Educ., 104 N.C. App. 1, 16,

407 S.E.2d 879, 887 (1991). Also, “mere exposure to evidence presented in

nonadversary investigative procedures is insufficient in itself to impugn the fairness

of Board members at a later adversary hearing.” Id. at 18, 407 S.E.2d at 888 (citation

omitted).

 Richard Permenter was elected to the Board in November 2016. At the 5 June

2017 Board meeting, in response to Petitioner’s challenge, he asserted, “I believe I

absolutely can make a decision based on the evidence and I do not have nor do I

approach this with a closed mind.”

 However, he also admitted that:

 -9-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 During the initial application several years back and the
 later appeal, perhaps as recently as two years ago I assisted
 in opposing the solar farm. I contributed financially. I
 expressed my opinion to others and had discussions with
 both those in favor and those opposed to the matter. All of
 these actions took place while I was a private citizen.
 (Emphasis supplied).

 Appellees argue Permenter had not demonstrated any bias since becoming a

commissioner. However, the existence of bias alone can be disqualifying. The

question is whether or not Permenter was able to set aside his previous “knowledge

and preconceptions” regarding the case. See Smith, 150 N.C. App. at 299, 563 S.E.2d

at 266.

 Petitioners clearly demonstrated Permenter’s bias based upon his actively

opposing this specific conditional use application and appeal in the past, committing

money to the cause of preventing them from obtaining the conditional use permit,

and openly communicating his opposition to others. Permenter’s bias is not based

upon his general discussion of or attitude toward solar farms or conditional use

permits, but his position, contributions, and activities involving the grant or denial

of this conditional use permit for Petitioner’s proposed solar farm. Permenter’s

activities and positions proved he had a “commitment” to “decide the case in a

particular way” or had a “financial interest in the outcome of the matter,” mandating

recusal. See id. at 299, 563 S.E.2d at 265-66; N.C. Gen. Stat. § 160A-388(e)(2).

 - 10 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 The Intervenors assert Permenter’s bias, and his refusal to recuse in light of a

filed motion, is harmless error due to the Board’s vote being 4-1 to deny the

Dellingers’ petition. We disagree.

 During the 5 June 2017 Board meeting and while sitting on the Board hearing

the matter, Permenter advocated and presented ten pages worth of his “condensed

evidence” in an attempt to rebut Petitioners’ prima facie case. This submission was

made after another commissioner had already made a motion to deny the conditional

use permit and had read the proposed order on the record. The “condensed evidence”

advocated and presented by Permenter was biased, one-sided, and incomplete. “In

quasi-judicial proceedings, no board or council member should appear to be an

advocate for nor adopt an adversarial position to a party, bring in extraneous or

incompetent evidence, or rely upon ex parte communications when making their

decision.” PHG Asheville, __ N.C. App. at __, 822 S.E.2d at 85.

 As outlined below, a review of the whole record reveals insufficient evidence

contra was presented to rebut Petitioners’ prima facie showing. Permenter’s biased

recitation of his “condensed evidence” could have influenced the votes of the two other

commissioners who also voted against issuing the permit after his presentation.

 Permenter’s bias and commitment to deny Petitioners’ request for a conditional

use permit is sufficient basis to reverse and remand. The error to allow his continued

 - 11 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

advocacy and involvement in sitting and ruling as a judge in the quasi-judicial process

is compounded by the insufficient rebuttal evidence from Intervenors.

 B. Failure to Rebut Prima Facie Case

 The Lincoln County Unified Development Ordinance requires an applicant to

meet four conditions to be issued a conditional use permit:

 (1) The use will not materially endanger the public health
 or safety if located where proposed and developed
 according to the plan;

 (2) The use meets all required conditions and
 specifications;

 (3) The use will not substantially injure the value of
 adjoining or abutting property unless the use is a public
 necessity; and

 (4) The location and character of the use, if developed
 according to the plan as submitted and approved, will be in
 harmony with the area in which it is to be located and will
 be in general conformity with the approved Land
 Development Plan for the area in question.

Dellinger, 248 N.C. App. at 319, 789 S.E.2d at 24.

 As stipulated and noted in the prior opinion, Petitioner’s compliance with

conditions (1), (2), and (4) are not disputed. In the prior appeal, this Court also

concluded Petitioners had met their prima facie showing on condition (3) to warrant

entitlement to a conditional use permit. Id. at 327, 789 S.E.2d at 29. Both the Board

and the superior court acknowledged Petitioners had carried their burden to warrant

issuance of the permit.

 - 12 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 The remaining question is whether the Intervenors produced sufficient

evidence contra to rebut Petitioners’ prima facie showing.

 “[G]overnmental restrictions on the use of land are construed strictly in favor

of the free use of real property.” Morris Commc’ns Corp. v. City of Bessemer City

Zoning Bd. of Adjustment, 365 N.C. 152, 157, 712 S.E.2d 868, 871 (2011).

 When an applicant has produced competent, material, and
 substantial evidence tending to establish the existence of
 the facts and conditions which the ordinance requires for
 the issuance of a special use permit, prima facie he is
 entitled to it. A denial of the permit should be based upon
 findings contra which are supported by competent,
 material, and substantial evidence appearing in the record.

Humble Oil & Ref. Co. v. Bd. of Aldermen, 284 N.C. 458, 468, 202 S.E.2d 129, 136

(1974).

 “Material evidence has been recognized by this Court to mean [e]vidence

having some logical connection with the facts of consequence or issues. Substantial

evidence has been defined to mean such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.” PHG Asheville, __ N.C. App. at __,

822 S.E.2d at 84 (quoting Innovative 55, LLC v. Robeson Cty., __ N.C. App. __, __, 801

S.E.2d 671, 676 (2017)) (internal quotation marks omitted).

 In concluding the Intervenors presented and carried their burden of sufficient

evidence to rebut Petitioners’ prima facie showing of entitlement to issuance, and

that the proposed solar farm would materially and substantially injure the value of

 - 13 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

adjoining or abutting property, the Board relied upon the following evidence, which

had been introduced at the previous hearing.

 Geoffrey Zawtocki, a certified real estate appraiser, presented written and

testimonial evidence of 42 other solar energy sites in North Carolina. He compared

the average median housing values, housing density, and household income within a

one-mile radius of those 42 solar farms to those values within a one-mile radius of

the proposed site. Zawtocki stated the proposed project was “not typical” to the

comparables because of the higher median housing values, housing density, and

household income in the area surrounding the proposed site.

 Zawtocki presented evidence of Tusquittee Trace, a 15-lot subdivision in Clay

County, North Carolina. Sales of the lots were slow, due to the 2008 housing crash

and following financial crisis, but three lots were sold between 2009 and 2010. In

2011, a solar farm was constructed and no further lots were sold. The solar farm can

be seen on the road leading up to the subdivision, and is visible from some of the lots.

Zawtocki testified the potential buyers wanted unimpaired views.

 Zawtocki presented evidence of reduced property tax assessments in Clay

County. In 2011, when residents voiced their concerns over the effect of adjoining or

abutting solar farms, the Board of Equalization reduced the proposed assessments on

nineteen properties by approximately 30%. Twelve of these nineteen addresses were

located in Tusquittee Trace.

 - 14 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 Zawtocki also provided evidence of a residential community located in Elgin,

South Carolina, which has median home values comparable to the communities

surrounding the proposed site. In 2010, Verizon built a call center facility along the

road leading to the community. Using a matched pair sales analysis, of the sales that

occurred prior to the call center being built, all had experienced appreciation, ranging

between 9.6 to 27.5%. Of the five matched sales occurring after the call center was

built, all had experienced depreciation, ranging from 10.7 to 23%. Zawtocki concluded

the only change affecting the housing values, other than overall market or

competitive forces, was the addition of the call center.

 Martha McLean testified that she owned property on Burton Lane, which

would adjoin the proposed solar farm. Prior to Petitioner’s application for a

conditional use permit, McLean and her husband had entered into a contract to sell

the property for $200,000.00. When the purchasers were informed of the proposed

solar farm, they terminated their contract to purchase the property. McLean has not

had any subsequent interest in the property.

 The superior court reviewed the Board’s conclusion under the “whole record

test.” Petitioners assert the opponents failed to present competent, material, and

substantial evidence, which would necessitate a de novo review. Respondents assert

N.C. Gen. Stat. § 160A-393(k)(3), applicable to counties through N.C. Gen. Stat. §

153A-349, provides that competent evidence “shall not preclude reliance by the

 - 15 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

decision-making board on evidence that would not be admissible under the rules of

evidence as applied in the trial division of the General Court of Justice if (i) the

evidence was admitted without objection[.]” N.C. Gen. Stat. § 160A-393(k)(3) (2017).

Petitioners did not object to the evidence above.

 Even if the evidence presented is deemed competent, Intervenors failed to

present substantial evidence contra to carry their burden to rebut Petitioners’ prima

facie showing of entitlement to a conditional use permit. “[T]he superior court may

not consider the evidence which in and of itself justifies the Board’s result, without

taking into account contradictory evidence or evidence from which conflicting

inferences could be drawn.” Little River, LLC v. Lee Cty., __ N.C. App. __, __, 809

S.E.2d 42, 50 (2017) (citing Thompson v. Wake Cty. Bd. of Educ., 292 N.C. 406, 410,

233 S.E.2d 538, 541 (1977)). The Board and the superior court wholly and erroneously

ignored competent, material, and substantial evidence that challenged and

contradicted the Intervenors’ rebuttal burden.

 The written reports produced for the Intervenors negate a conclusion that they

carried their burden and presented substantial and material evidence to rebut

Petitioner’s prima facie case. Concerning the solar farm in Clay County, it is

undisputed that no zoning, setback, landscaping, or other restrictions existed to

regulate the appearance of solar farms at the time of its construction.

 - 16 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 Half of the interviewed real estate agents in Clay County opined that a

properly buffered and concealed solar farm would not affect the property values. In

their opinion, value would only be impacted by a view impaired by, and not by the

mere presence of, a solar farm.

 Zawtocki, in an effort to analogize the proposed solar farm to the one in Clay

County, provided renderings of the proposed solar farm in which it, and the chain-

link fence surrounding it, were extremely visible. These renderings wholly ignored

the proposed landscaping and buffering Petitioners had included in their application.

Commissioner Mitchem referred to these non-landscaped chain-link fence renderings

as “misleading.”

 Concerning the use of Clay County property tax records to support a decline in

valuation, “[o]ur Supreme Court has held that ad valorem tax records are not

competent to establish the market value of real property.” Edwards v. Edwards, 251

N.C. App. 549, 551, 795 S.E.2d 823, 825 (2017) (citing Star Mfg. Co. v. Atlantic Coast

Line R.R., 222 N.C. 330, 332-33, 23 S.E.2d 32, 36 (1942); Bunn v. Harris, 216 N.C.

366, 373, 5 S.E.2d 149, 153 (1939); Hamilton v. Seaboard, 150 N.C. 193, 194, 63 S.E.

730, 730 (1909); Cardwell v. Mebane, 68 N.C. 485, 487 (1873)).

 The admitted opinions and reports of the expert appraisers were also

misconstrued or ignored. The appraisers for Petitioners and for Intervenors all

concluded in their written reports that the presence of a solar farm does not affect

 - 17 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

the value of homes valued in the range of $220,000.00 to $240,000.00. This

unanimous market data refutes Ms. McLean’s testimony concerning the effect of the

proposed solar farm on the sale of her property, as her home is valued in or near that

range. Petitioners’ expert testified that single market transactions are insufficient

to establish market values. Ms. McLean’s testimony of a single market transaction

is insufficient to rebut the otherwise unanimous market data.

 Fred Beck, a certified real estate appraiser, opined the proposed solar farm

would impact property values. When questioned about his and other appraisers’

previous, opposing assertions, he responded:

 We can match pairs. I can prove anything. Mr.
 Kirkland can prove anything. Damon can prove anything
 that you want to.
 Logic would tell you that this is going to hurt these
 people’s value.

 ...

 And my common sense tells me, after being in this
 business for 30 years, my heart and my common sense tells
 me that this is going to hurt these people, and it’s going to
 hurt them badly.

 Though Mr. Beck qualifies as an expert on real estate valuation, his “mere

expression of [personal] opinion” is insufficient to impeach or rebut the quantitative

analysis contained in the written reports, one of which he produced. See Cumulus

Broad., LLC v. Hoke Cty. Bd. of Comm’rs, 180 N.C. App. 424, 430, 638 S.E.2d 12, 17

(2006).

 - 18 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 “Speculative opinions that merely assert generalized fears about the effects of

granting a conditional use permit for development are not considered substantial

evidence to support the findings [to deny the permit].” Humane Soc’y of Moore Cty.,

161 N.C. App. at 631, 589 S.E.2d at 167. “Without specific, competent evidence to

support [Mr. Beck’s] generalized fears, this evidence does not rebut Petitioner’s prima

facie showing.” Little River, LLC, __ N.C. App. at __, 809 S.E.2d at 50.

 The evidence presented by the Intervenors and relied upon by the Board in

denying Petitioners’ conditional use permit under condition (3), “[t]he use will not

substantially injure the value of adjoining or abutting property unless the use is a

public necessity” is insufficient to rebut Petitioners’ prima facie showing of

entitlement to issuance of the permit. Id.

 VI. Conclusion

 Petitioners clearly demonstrated Commissioner Permenter’s bias to mandate

recusal based upon his actively opposing the application, committing money to the

cause of defeating the application for this solar farm, and openly communicating his

fixed opposition on this application to others. Permenter assumed the role of an

advocate at the quasi-judicial hearing by presenting ten pages worth of “condensed

evidence” in an attempt to rebut Petitioners’ prima facie case while also sitting,

discussing, and voting on Petitioners’ application.

 - 19 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 The evidence presented by the Intervenors failed to rebut Petitioners’ prima

facie showing of entitlement to a conditional use permit. Because the superior court

and Board concluded Petitioners have made a prima facie showing on all four

conditions, as set forth in the ordinance, we reverse the trial court’s order and remand

for issuance of Petitioners’ conditional use permit. It is so ordered.

 REVERSED AND REMANDED.

 Chief Judge McGEE concurs.

 Judge BERGER concurs with separate opinion.

 - 20 -
 No. COA18-1080 – Dellinger v. Lincoln County

 BERGER, Judge, concurring in separate opinion.

 I concur with the majority but write separately concerning Commissioner

Permenter’s pre-oath activity.

 The majority rightly focused on the actions of Commissioner Permenter during

the hearing that support a finding of bias in this case. However, the majority

additionally concluded that Commissioner Permenter’s conduct prior to joining the

Board was also disqualifying.

 I do not agree that the actions of a candidate or private citizen, prior to taking

office, could alone establish bias and disqualify him from performing his duties as an

elected official. Civic engagement has long been a hallmark of our country. Exchange

of information in the marketplace of ideas is critical to fostering discussion and

shaping the future. A candidate’s expression of a particular viewpoint made prior to

taking office should not prohibit him as an elected official from discharging his duty

to thoughtfully consider matters that come before him after taking an oath of office.

 An opinion voiced in an unofficial capacity, however forceful or persuasive,

does not in itself hamstring one’s ability to be impartial. In response to the Majority

Opinion, the prudent candidate for commissioner will hide behind the phrase, “I am

sorry, but I am not permitted to discuss my position on the issues or matters, which

may come before me in a quasi-judicial setting.” Commissioner races will become as

boring as judicial races.
 DELLINGER V. LINCOLN CNTY.

 BERGER, J., concurring

 Every elected official was at one point a candidate, and every candidate was

once a private citizen with beliefs about what is best for his community. Candidates

should be encouraged to state their positions on issues of public importance, and this

Court should not preclude candidates from sharing their ideas in the public square.

 [T]he notion that the special context of electioneering
 justifies an abridgment of the right to speak out on
 disputed issues sets our First Amendment jurisprudence
 on its head. Debate on the qualifications of candidates is at
 the core of our electoral process and of the First
 Amendment freedoms, not at the edges. The role that
 elected officials play in our society makes it all the more
 imperative that they be allowed freely to express
 themselves on matters of current public importance.

Republican Party of Minn. v. White, 536 U.S. 765, 781-82, (2002) (citations and

quotation marks omitted).

 Citizens should be knowledgeable about issues that have or will affect their

community, and they should be encouraged to share that knowledge. Labeling an

elected official as biased based upon communications made before taking office

curtails public involvement and threatens free speech.

 2