NO. COA14-113

NORTH CAROLINA COURT OF APPEALS

Filed: 2 September 2014

JOHN SHEARL,
     Petitioner,

v.                                    Macon County
                                      No. 12 CVS 653
TOWN OF HIGHLANDS,
     Respondent.


Appeal by petitioner from order entered 5 September 2013 by Judge James U. Downs in Macon County Superior Court. Heard in the Court of Appeals 22 May 2014.

> *Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Craig D. Justus, for petitioner-appellant.*
>
> *Coward, Hicks, & Siler, P.A., by Bonnie J. Claxton, for respondent-appellee.*


HUNTER, JR., Robert N., Judge.

John Shearl ("Petitioner") appeals from an order of the Macon County Superior Court affirming a zoning decision by the Town of Highlands Zoning Board of Adjustment ("the BOA"). The BOA's decision concluded that Petitioner was making commercial use of property located in a residential zone in violation of the local zoning ordinance. On appeal to this Court, Petitioner contends that the Superior Court erred by concluding that the

evidence established the existence of a zoning violation when the notice of violation was issued. In the alternative, Petitioner contends that the Superior Court erred by determining that he had the burden of proving that his nonconforming use was grandfathered in under the terms of the zoning ordinance given that the Town of Highlands ("Respondent") has lost an official zoning map crucial to his defense. Given the unique factual circumstances presented here, we hold that Respondent bears the burden of proving that Petitioner's zoning violation dates back to Petitioner's purchase of the property. Because the burden was inappropriately placed on Petitioner, we vacate the superior court's order and remand this matter for a new hearing consistent with this opinion.

## I.   Factual & Procedural History

Petitioner owns property directly off Highway 28 in Highlands, on which he operates a business entitled, "J&J Lawn and Landscape." On 19 August 2009, Respondent issued a zoning violation notice to Petitioner, which stated that he was making commercial use of property zoned for residential use. Petitioner promptly appealed to the BOA, which heard Petitioner's case at two separate hearings on 14 October 2009

and 4 November 2009. Evidence presented at the hearings tended to show the following.

Petitioner purchased the subject property in November of 1993. Prior to Petitioner's purchase, in 1983, Respondent split-zoned the property for commercial and residential use. The front portion of the property, which measured 230 feet from the centerline of Highway 28, was zoned for business or commercial use. The rear of the property, *i.e.*, 230 feet and beyond, was zoned for residential use. An official zoning map, current through 1988, was admitted at the BOA hearings and reflects the 230-foot line demarcating the two zones.

In 1990, Respondent made comprehensive changes to the town's zoning ordinance for the purpose of reducing strip commercial development. As a result, zoning categories changed and a new zoning map was adopted. Respondent contended that at this time, the demarcation line between the commercial and residential zone on the subject property was moved from 230 feet to 150 feet from the centerline of Highway 28. However, the official map adopted in connection with the 1990 zoning changes was not admitted into evidence and, by Respondent's own admission, the map and all copies have been lost. The only evidence in the record supporting the existence of the 150-foot

line as of the date of Petitioner's purchase of the property is a subdivision plat map drawn up and recorded in connection with Petitioner's land transaction. The plat map shows the demarcation line between the two zones at 150 feet from the centerline of Highway 28.

With respect to the location of the line when the notice of violation was issued on 19 August 2009, the BOA minutes refer to two additional maps that were admitted into evidence. The first map, a 1996 zoning map described as being "current," appears in the list of exhibits but has been omitted from the record on appeal. Testimony from Respondent's Zoning Administrator, recounted in the BOA hearing minutes, indicated that the 1996 map showed a 150-foot demarcation line. The second map referred to is a Geographic Information System ("GIS") printout entitled "Current Zoning Map," which has been attached at the end of the BOA hearing minutes. The map tends to indicate that the property is split-zoned but reveals little more. There are no references to zoning categories on the map and there is no measurement scale.

Further evidence presented at the BOA hearings revealed that since Petitioner's purchase of the subject property in November 1993, Petitioner has operated his business using two

structures. The first structure is a shop building near Highway 28 that falls in the commercial zone under either a 230-foot or a 150-foot demarcation line. The second structure is a storage building towards the rear of the property that falls in the commercial zone under a 230-foot demarcation line, but in the residential zone under a 150-foot demarcation line. Thus, the location of the demarcation line, whether at 230 feet or at 150 feet from the centerline of Highway 28, was of paramount importance to the validity of Petitioner's appeal before the BOA.

Upon hearing the foregoing evidence, the BOA emphasized that the burden to establish a nonconforming use was with Petitioner and unanimously voted to deny Petitioner's appeal. On 11 November 2009, the BOA issued a written decision upholding the zoning violation.

Thereafter, Petitioner filed a petition for the issuance of a writ of certiorari to the Macon County Superior Court pursuant to N.C. Gen. Stat. §§ 160A-388(e2), -393 (2013) on 24 November 2009. The petition was dismissed without prejudice. On 5 October 2012, Petitioner re-filed the petition, which was granted. Upon review of the administrative record, the Superior Court affirmed the BOA's ruling on 5 September 2013, concluding

that the BOA's decision was "supported by substantial and competent evidence." The Superior Court also concluded that "the Board did not err in failing to require the Town to prove the actions of the Town Board in 1990" and concluded that "Petitioner's use of his property was not 'grandfathered[.]'" Petitioner filed a timely notice of appeal to this Court on 2 October 2013.

## II. Jurisdiction & Standard of Review

Petitioner's appeal from a final order of the Superior Court lies of right to this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2013).

In reviewing a decision from a local board of adjustment, a superior court should:

> (1) review the record for errors of law; (2) ensure that procedures specified by law in both statute and ordinance are followed; (3) ensure that appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses, and inspect documents; (4) ensure that the decision is supported by competent, material, and substantial evidence in the whole record; and (5) ensure that the decision is not arbitrary and capricious.

*Lamar Outdoor Adver., Inc. v. City of Hendersonville Zoning Bd. of Adjustment*, 155 N.C. App. 516, 517–18, 573 S.E.2d 637, 640 (2002) (quotation marks and citation omitted). "This court, on

review of the superior court's order must determine whether the trial court correctly applied the proper standard of review." *Id.* at 518, 573 S.E.2d at 640. Accordingly,

> [t]his court applies the whole record test when reviewing the sufficiency of the evidence to support the findings of fact and, in turn, conclusions of law based thereon. To do so, we must determine whether the Board's findings are supported by substantial evidence contained in the whole record. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. Where the petitioner alleges that a board decision is based on error of law, the reviewing court must examine the record *de novo*, as though the issue had not yet been determined.

*Id.* (internal quotation marks and citations omitted).

Here, the proper application of the burden of proof at the BOA hearing is a question of law that this Court reviews *de novo*. The BOA's decision concerning the location of the zoning line on the subject property is reviewed to see if it is supported by substantial evidence in view of the whole record.

## III. Analysis

Petitioner's appeal presents two questions for this Court's review: (1) whether the BOA's determination concerning the existence of a zoning violation on 19 August 2009 was supported by substantial evidence in view of the whole record, and (2) if

so, whether Petitioner's commercial activity on the rear portion of the property constituted a legal nonconforming use.

As to the first question, the burden of proving the existence of an operation in violation of the local zoning ordinance is on Respondent. *City of Winston-Salem v. Hoots Concrete Co., Inc.*, 47 N.C. App. 405, 414, 267 S.E.2d 569, 575 (1980). Thus, it was Respondent's responsibility to present evidence that Petitioner's commercial use of his storage building was in violation of Respondent's zoning ordinance when the notice of violation was issued on 19 August 2009.

Respondent contends that the 1993 Plat Map, the 1996 Zoning Map, and the GIS printout entitled "Current Zoning Map" constitutes competent, material, and substantial evidence that the current zoning line on Petitioner's property runs 150 feet parallel from the centerline of Highway 28. As previously noted, testimony concerning the 1996 Zoning Map tended to support the location of the zoning line at 150 feet, but the 1996 Zoning Map is not in the record on appeal.

Ordinarily, "[i]t is the duty of the appellant to ensure that the record is complete." *First Gaston Bank of N.C. v. City of Hickory*, 203 N.C. App. 195, 198, 691 S.E.2d 715, 718 (2010); *see also* N.C. R. App. P. 9 (discussing the procedural rules

concerning the record on appeal). However, in granting the petition for a writ of certiorari, the Superior Court ordered Respondent to prepare and certify to the court the record of the BOA proceedings. *See* N.C. Gen. Stat. § 160A-393(f) ("The writ shall direct the respondent city . . . to prepare and certify to the court the record of proceedings below within a specified date."). Both parties concede that the record on appeal to this Court is incomplete and does not have all the exhibits considered by the BOA, including the 1996 Zoning Map.

Given the incomplete record available to this Court, we cannot properly determine if the BOA's decision to find Petitioner in violation of the current zoning ordinance was supported by competent, material, and substantial evidence in view of the whole record. However, as explained in detail below, we do not need to answer this question in order to resolve the issues raised by Petitioner's appeal. Because the burden of proof was inappropriately placed on Petitioner to establish the location of the zoning line when he began his nonconforming use, the Superior Court's order must be vacated. On remand, Respondent should reintroduce evidence that Petitioner's commercial use of his storage building was in violation of the zoning ordinance on 19 August 2009, the BOA

should make a new determination with respect to this issue, and both parties should ensure that all evidence presented at the hearing is properly included in the record.

Petitioner contended before the BOA that his commercial use of the storage building toward the rear of his property constituted a legal nonconforming use under Section 110 of Respondent's zoning ordinance. Section 110(A) of the ordinance, entitled, "Non-conforming uses," provides that "[t]he lawful use of any building or premises at the time of the enactment of this Ordinance, or immediately preceding any applicable amendment thereto, may be continued even though the use does not conform with the provision of this Ordinance . . . ." Consistent with this provision, Petitioner contended that at the time that he purchased the subject property in 1993, the zoning line demarcating the commercial and residential zones ran 230 feet parallel from the centerline of Highway 28, making his use of the storage building legal. Thus, Petitioner contended that even if the zoning line was subsequently changed, his ongoing commercial use of the storage building is valid under Section 110(A).

Ordinarily, once a town meets its burden to establish the existence of a current zoning violation, the burden of proof

shifts to the landowner to establish the existence of a legal nonconforming use or other affirmative defense. *See City of Winston-Salem*, 47 N.C. App. at 414, 267 S.E.2d at 575 ("The defendant, of course, has the burden of establishing all affirmative defenses, whether they relate to the whole case or only to certain issues in the case. As to such defenses, he is the actor and has the laboring oar. The city had the burden of proving the existence of an operation in violation of its zoning ordinance. It was defendant's burden to prove the city had already made a determination that the operation was permissible and did not violate the zoning ordinance." (internal quotation marks and citation omitted)). Here, however, Respondent has seriously handicapped Petitioner's ability to prove the location of the zoning line in 1993 because Respondent has lost the Official Zoning Map adopted with the 1990 zoning ordinance.

Section 103 of Respondent's zoning ordinance states that "[t]he Zoning Map and all explanatory matter thereon accompanies and is hereby made a part of this Ordinance and, together with a copy of this Ordinance, shall be permanently kept on file in the office of the Town Clerk." Thus, Respondent violated its own ordinance by failing to keep official zoning maps available for public inspection. *See* N.C. Gen. Stat. § 160A-77 (2013)

(stating that the governing board of a town "may provide that [ordinances establishing or amending the boundaries of zoning districts] shall be codified by appropriate entries upon official map books to be retained permanently in the office of the city clerk or some other city office generally accessible to the public."); *see also* N.C. Gen. Stat. § 160A-78 (2013) (stating that "each city shall file a true copy of each ordinance adopted on or after January 1, 1972, in an ordinance book separate and apart from the council's minute book. The ordinance book shall be appropriately indexed and maintained for public inspection in the office of the city clerk."). These record keeping requirements represent a recognition by Respondent and by the General Assembly that the public must be placed on constructive notice of past and present amendments to zoning ordinances in order to safeguard property and procedural due process rights.

We believe that where, as here, a town fails to comply with its obligations under local ordinances and state law by failing to keep official zoning maps on record for public inspection, the appropriate remedy is to place the burden back on the town to establish the location and classification of zoning districts when the landowner began his or her nonconforming use. Because

the BOA placed the burden on Petitioner to establish the location of the zoning line when he began his nonconforming use in 1993, the Superior Court's order affirming that allocation of proof must be vacated and the matter remanded for a new hearing. At the new hearing, Respondent must: (1) present evidence establishing the existence of a current zoning violation, and (2) present evidence that the 1990 zoning ordinance moved the zoning line on the subject property from 230 feet to 150 feet from the centerline of Highway 28. Petitioner must be allowed to offer additional evidence in rebuttal.

Furthermore, with respect to the type of evidence that may be presented on remand, we note that N.C. Gen. Stat. § 160A-79, entitled, "Pleading and proving city ordinances," provides that "[c]opies of any part of an official map book" maintained in accordance with the statute "shall be admitted in evidence in all actions or proceedings before courts or administrative bodies and shall have the same force and effect as would an original ordinance[.]" N.C. Gen. Stat. § 160A-79(b)(2) (2013). While we do not hold that the plain meaning of this statute forecloses other methods of proof, we do agree that the official 1990 map or a copy thereof is the best evidence of the line's location when Petitioner began his nonconforming use.

The 1988 Zoning Map admitted into evidence below shows the zoning line at 230 feet. The only evidence in the current record tending to support Respondent's argument that the line moved to 150 feet in 1990 is the subdivision plat map approved and recorded in connection with Petitioner's land transaction. This plat map is not an official zoning map duly enacted with the 1990 zoning ordinance. Nor is it a copy. While we believe that the plat map has some evidentiary value concerning the location of the line, it must be weighed against the evidentiary value of the 230-foot line depicted on the official 1988 Zoning Map. A factual determination concerning the location of the line that is not supported by competent, material, and substantial evidence in view of the whole record will not be sustained on appeal. Respondent must produce such evidence on remand establishing that the line was at 150 feet when Petitioner began his commercial use of the storage building. Otherwise, it must be presumed that Petitioner has a legal nonconforming use given the absence of any evidence tending to show that Petitioner's building is within the earlier 230-foot demarcation line.

## IV. Conclusion

For the foregoing reasons, the Superior Court's order is vacated and this matter is remanded to the Superior Court with instructions to order further proceedings before the BOA consistent with this opinion.

VACATED AND REMANDED.

Judges ERVIN and DAVIS concur.