IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-782

No. COA21-388

Filed 6 December 2022

Watauga County, No. 20CVS188

CHAD FRAZIER, Petitioner-Appellee,

v.

TOWN OF BLOWING ROCK and MORGAN HORNER, Respondent-Appellants.

Appeal by Respondent from Order entered 15 March 2021 by Judge Gary M. Gavenus in Watauga County Superior Court. Heard in the Court of Appeals 23 February 2022.

*Deal, Moseley & Smith, LLP, by Bryan P. Martin, for Respondent-Appellant.*

*Nexsen Pruet, PLLC, by David S. Pokela, for Petitioner-Appellee.*

CARPENTER, Judge.

¶ 1        The Town of Blowing Rock ("Town") seeks review of the superior court's 15 March 2021 Amended Order reversing the Town of Blowing Rock Board of Adjustment's ("BOA") decision denying Petitioner's appeal of a Final Notice of Violation ("NOV") for operating a short-term rental property in violation of a local zoning ordinance. After careful review, we affirm the Amended Order of the superior court.

## I.   Factual and Procedural Background

On 29 June 2016, Chad Frazier ("Petitioner") acquired a three-unit property at 163 Wilmot Circle ("Property") in the Town from the prior owners, who had owned the Property since 1981.  Petitioner owns and maintains the Property for short-term rentals.

The phrase "tourist homes and other temporary residences renting by the day or week" existed in the Town's Ordinances since 1984.  In 2000, the Town's Ordinances were amended ("2000 Amendment") to define "short-term rentals" as the "rental, lease, or use of an attached or detached residential dwelling unit that is less than 28 consecutive days," and to establish a short-term rental overlay district in multi-family residential districts.  The Town, however, did not contemporaneously add "short-term rentals" to its Table of Permissible Uses.[1]  On 13 August 2019, another amendment was enacted ("2019 Amendment") to add "short-term rental of a residential dwelling unit" to the Table of Permissible Uses, replacing "tourist homes and other temporary residences renting by the day or week[.]"

---

[1] The Table of Permissible Uses is contained within Article X of the Town's Land Use Ordinances.  Through December 1985, it was located at Section 16-146.  As of the date of the 2019 Amendment, it was found at Section 16-10.1.

¶ 4        On 13 September 2019, Petitioner was cited by the Town's Planning Director with a NOV for purportedly violating a local ordinance prohibiting short-term rentals in R-15 zoning districts. The NOV explained, "[a] short-term rental is a home or dwelling unit that is rented for a period less than 28 days." The parties do not dispute the Property is located in a R-15 zoning district, the Property has at all relevant times been zoned residential by the Town, and the Property is not within the short-term rental overlay district created by the 2000 Amendment.

¶ 5        Petitioner timely appealed the NOV to the BOA, contending his use of the Property amounted to a grandfathered, nonconforming use as a short-term rental. Petitioner maintained he used and intended to use the Property for short-term rentals before, as of, and after the effective date of the new short-term rental ordinance, and during his ownership, there were no periods of 180 days or more in which he did not use the Property for short-term rentals. Over two hearing dates in January and February of 2020, the BOA considered Petitioner's appeal of the NOV. On 2 March 2020, the BOA issued its decision, concluding Petitioner's use of the Property as a short-term rental was an illegal, non-conforming use.

¶ 6        Petitioner sought review of the BOA's decision by filing a petition for writ of certiorari with the Watauga County Superior Court. The writ was granted, a hearing was held before the superior court, and the Amended Order was entered on 15 March 2021. In the Amended Order, the superior court reversed the BOA's

decision, concluding Petitioner's use of the Property as a short-term rental was "a grandfathered and valid non-conforming use . . . which may be continued." The superior court concluded as a matter of law that the language of the Town's 1984 Land Use Act prohibiting "temporary residences renting by the day or week" in residentially zoned areas was vague and ambiguous, and therefore the Town had no enforceable restriction against "short-term rentals of less than 28 days" until the enactment of the 2019 Amendment.[2] The Town filed notice of appeal from the Amended Order on 15 April 2021.

## II. Jurisdiction

¶ 7    This Court has jurisdiction to address the Town's appeal from a final judgment pursuant to N.C. Gen. Stat. § 7A-27(b) (2021) and N.C. Gen. Stat. § 1-277 (2021).

## III. Issues

¶ 8    The issues raised on appeal are whether: (1) the superior court erred as a matter of law in reversing the BOA's decision, and (2) omissions of the superior court deprived Petitioner of alternative bases in law for supporting the Amended Order.

## IV. Standard of Review

---

[2] We are not called upon to determine or otherwise address the constitutionality of the 2019 Amendment within the scope of this appeal.

¶ 9 A local zoning board, such as a board of adjustment, acts as "a quasi-judicial body." *Refining Co. v. Bd. of Aldermen,* 284 N.C. 458, 469, 202 S.E.2d 129, 136–37 (1974). At the time of the BOA hearings and decision, former North Carolina General Statute § 160A-388 provided that "[e]very quasi-judicial decision shall be subject to review by the superior court by proceedings in the nature of certiorari[.]" N.C. Gen. Stat. § 160A-388(e2)(2) (2019) (repealed by S.L. 2019-111, § 2.3 as amended by S.L. 2020-25, § 51(b), eff. June 19, 2020) (recodified as N.C. Gen. Stat. § 160D-406(k) (2021)).

¶ 10 Decisions issued by quasi-judicial bodies are "subject to review by the superior court by proceedings in the nature of certiorari," wherein the superior court sits as an appellate court, and not as a trier of facts. *Tate Terrace Realty Invs., Inc. v. Currituck Cnty.*, 127 N.C. App. 212, 217, 488 S.E.2d 845, 848 (1997) (quoting *Capricorn Equity Corp. v. Town of Chapel Hill,* 334 N.C. 132, 135–36, 431 S.E.2d 183, 186 (1993)). If the board's decision is challenged as resting on an error of law, the proper standard of review for the superior court is *de novo. Bailey & Assocs., Inc. v. Wilmington Bd. of Adjustment*, 202 N.C. App. 177, 189, 689 S.E.2d 576, 586 (2010).

¶ 11 "However, if the petitioner contends the Board's decision was not supported by the evidence or was arbitrary and capricious, then the reviewing court must

apply the 'whole record' test." *NCJS, LLC v. City of Charlotte*, 255 N.C. App. 72, 76, 803 S.E.2d 684, 688 (2017) *(*quoting *Four Seasons Mgmt. Servs. Inc. v. Town of Wrightsville Beach*, 205 N.C. App. 65, 75, 695 S.E.2d 456, 462 (2010)). "The whole record test requires the reviewing court to examine all competent evidence (the whole record) in order to determine whether the agency decision is supported by substantial evidence[,]" which is evidence that "a reasonable mind would consider sufficient to support a particular conclusion . . . ." *Thompson v. Union Cnty.*, 2022-NCCOA-382, ¶ 12 (citation and internal quotations omitted). "In reviewing the sufficiency and competency of evidence before the Superior Court, the question is not whether the evidence supported the Superior Court's order . . . [t]he question is whether the evidence before the BOA was supportive of the BOA's decision." *Id.* at ¶ 13 (citing *Dellinger v. Lincoln Cnty.,* 248 N.C. App. 317, 323, 789 S.E.2d 21, 26 (2016)).

¶ 12    The Court of Appeals, on a writ of certiorari considering the decision of a quasi-judicial body, has the authority to review a superior court judgment as it is "derivative of the power of the superior court to review the action." *Tate Terrace Realty Invs., Inc.*, 127 N.C. App. at 219, 488 S.E.2d at 849 (citing *Sherrill v. Town of Wrightsville Beach,* 76 N.C. App. 646, 649, 334 S.E.2d 103, 105 (1985)). "An appellate court's review of the trial court's zoning board determination is limited to determining whether the superior court applied the correct standard of review, and

. . . whether the superior court correctly applied that standard." *Bailey & Assocs., Inc.*, 202 N.C. App. at 190, 689 S.E.2d at 586.

## V. Analysis

A. <u>15 March 2021 Amended Order</u>

¶ 13   The Town contends the superior court erred in concluding as a matter of law that the Town's Land Use Code did not prohibit or regulate short-term rentals until the enactment of the 2019 Amendment.  By applying the effective date of the 2019 Amendment, 13 August 2019, as the date by which the Petitioner's "grandfathered" status should be measured, the Town further asserts the superior court erred by concluding that Petitioner established a *prima facie* case for the Property to be "grandfathered" as a non-conforming use.  Petitioner, on the other hand, claims the superior court was correct in concluding that no clear ordinance purporting to regulate short-term rentals existed in the Town prior to the 2019 Amendment.  Therefore, Petitioner asserts the superior court correctly determined that he had established a *prima facie* case of a grandfathered and valid non-conforming use based upon the facts found by the BOA.

¶ 14   We initially note the Town raises only issues of law on appeal, and neither party disputes the superior court applied the appropriate standard of review, *de novo*, in its appellate role.  *See id.* at 189, 689 S.E.2d at 586.  Our analysis is

therefore limited to whether the superior court "correctly applied" its *de novo* review to the BOA's conclusions of law. *See id.* at 190, 689 S.E.2d at 586.

(1) The Town Did Not Properly Prohibit or Regulate "Short-Term Rentals of Less Than 28 Days" Until 13 August 2019

¶ 15    The free use of property is favored in our State. *Harry v. Crescent Res., Inc.*, 136 N.C. App. 71, 80, 523 S.E.2d 118, 124 (1999).[3]   "Zoning ordinances are in derogation of the right of private property, and where exemptions appear in favor of the property owner, they must be liberally construed in favor of such owner." *Hampton v. Cumberland Cnty.*, 256 N.C. App. 656, 665, 808 S.E.2d 763, 770 (2017) (citation omitted).   Because "[z]oning regulations are in derogation of common law rights . . . they cannot be construed to include or exclude by implication that which is not clearly . . . their express terms." *Byrd v. Franklin Cnty.*, 237 N.C. App. 192, 201, 765 S.E.2d 805, 810–11 (2014) (citation omitted) (Hunter, J. concurring in part and dissenting in part), *adopted per curiam*, 368 N.C. 409, 778 S.E.2d 268 (2015). "[W]hen there is ambiguity in a zoning regulation, there is a special rule of construction requiring the ambiguous language to be 'construed in favor of

---

[3]During the pendency of this appeal, this Court rendered an opinion with broad implications on local government authority to proscribe or otherwise restrict landowners' rights to freely use their property for rental purposes in the face of contrary state law. *See Schroeder v. City of Wilmington*, 282 N.C. App. 558, 2022-NCCOA-210 (holding non-severable provisions of local ordinance requiring local government permits, permission, or registration to lease or rent real property was preempted by state statute). This binding precedent is not dispositive on the issues before us, as the landowners there filed for declaratory relief; therefore, our analysis here is limited to arguments asserted below and advanced on appeal.

the free use of real property.'" *Visible Properties, LLC v. Vill. of Clemmons*, 2022-NCCOA-529, ¶ 11 (quoting *Morris Commc'ns Corp. v. City of Bessemer*, 365 N.C. 152, 157, 712 S.E.2d 868, 871 (2011)); *see also Yancey v. Heafner*, 268 N.C. 263, 266, 150 S.E.2d 440, 443 (1966) ("[W]ell-founded doubts as to the meaning of obscure provisions of a Zoning Ordinance should be resolved in favor of the free use of property.").

¶ 16        The Town would have us infer, based upon the evolution of its local Land Use Ordinances, that it has been prohibiting or regulating short-term rentals since 1984, or alternatively, 2000.  In support of its argument, the Town directs us to Section 1.620 of its 1984 Land Use Ordinance, which established the use category "[t]ourist homes and other temporary residences renting by the day or week" in the Town's Table of Permissible Uses and restricted its use to non-residential zoning districts.  The Town amended its Ordinances again in 2000, establishing a short-term rental overlay district in multi-family residential districts and defining "short-term rental of a dwelling unit" as the "rental, lease, or use of an attached or detached residential dwelling unit that is less than 28 consecutive days," without adding this newly defined use or eliminating the use "temporary residences renting by the day or week" from the Town's Table of Permissible Uses.

¶ 17        While the Town asserts the 2000 Amendment "provided further clarity" regarding "in which zoning districts . . . short-term rentals [were] allowed[,]" the

expressed purpose of the 2019 Amendment indicates the opposite is true. The 2019 Amendment was the result of a "Short-term Rental Task Force of the Planning Board . . . formed to evaluate the current Land Use Code Regulations and establish goals for a new ordinance to regulate short-term rentals[.]" These "goals" included:

1. To *clearly* define short-term rental *so everyone understands* what is and is not allowed;
2. To *clearly* identify where short-term rentals are permitted;

. . .

10. To communicate *transparently* with 3rd party rental listing companies.

(emphasis added).

¶ 18      It is apparent from the plain language of the 2019 Amendment that a lack of clarity and transparency existed and was known to exist with respect to the Town's regulation of short-term rentals between the 2000 Amendment and the 2019 Amendment. Ambiguity logically follows where two comparable, yet apparently distinct land use definitions simultaneously exist in the Town's Ordinances, but only one is clearly prohibited by the Town's Table of Permissible Uses. We will not construe "short-term rentals" as defined by the 2000 Amendment, to be impliedly prohibited by cross-reference to a less definite, albeit related, land use category. *See Byrd*, 237 N.C. App. at 201, 765 S.E.2d at 810–11. Our jurisprudence is clear that in the event of doubts or ambiguity, zoning regulations are to be construed in favor

of the free use of property. *See Visible Properties, LLC*, 2022-NCCOA-529, ¶ 11; *see also Hullett v. Grayson,* 265 N.C. 453, 454, 144 S.E.2d 206, 207 (1965).

¶ 19          The Town's arguments pursuant to Section 16-149 of its 1984 Land Use Ordinance are not considered on appeal for two reasons. First, these arguments were not raised before the BOA. Contentions not raised and argued below may not be raised and argued for the first time in the appellate court, because "the law does not permit parties to swap horses between courts in order to get a better mount[.]" *Wood v. Weldon*, 160 N.C. App. 697, 699, 586 S.E.2d 801, 803 (2003) (quoting *Weil v. Herring,* 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)). Second, neither the BOA nor the superior court relied upon these theories in reaching their decisions. *See Godfrey v. Zoning Bd. of Adjustment of Union Cnty.*, 317 N.C. 51, 64, 344 S.E.2d 272, 279–80 (1986) (Courts examining the propriety of quasi-judicial determinations must conduct review "solely on the grounds invoked by the agency.").

¶ 20          As the superior court correctly noted, "until August 19, 2019[,] the regulation of 'short term rentals of less than 28 days' as well as [t]ourist homes and other temporary residences renting by the day or week, [was] vague and ambiguous and left the rights of landowners to the unguided discretion of the [BOA]." The ambiguity present here flows from the Town's ineffective attempt to simultaneously prohibit two distinct land uses, where only one use was lawfully prohibited by the Town's Table of Permissible Uses—not from either land use category being

independently and sufficiently ambiguous on its face. The superior court properly recognized that this ambiguity left the Town's purported regulation of short-term rentals between 2000 and 2019 in a state of uncertainty, which in turn, "left the rights of landowners to the unguided discretion of the [BOA]."

¶ 21 When the 2019 Amendment took effect on 13 August 2019, replacing "temporary residences renting by the day or week" with the previously defined "short-term rental of a dwelling unit" in the Town's Table of Permissible Uses, the Town achieved the goals of the 2019 Amendment by properly regulating "short-term rentals of less than 28 days" for the first time. Accordingly, the superior court did not err by concluding the Town's Ordinances existing prior to 13 August 2019 did not properly regulate short-term rentals of less than 28 days.

(2) The BOA Erred by Concluding Petitioner's Short-Term Rental Use Was Not "Otherwise Lawful"

¶ 22 The Town next contends the superior court erred in determining the BOA erred in concluding Petitioner's nonconforming short-term rental use was not "otherwise lawful" pursuant to Section 16-8.1 of the Town's 1984 Land Use Ordinance. We disagree.

¶ 23 Section 16-8.1 provides in relevant part, "nonconforming situations that were otherwise lawful on the effective date of this chapter may be continued[.]" The authority of a local board of adjustment to render decisions as a quasi-judicial body

is provided by statute, and each decision shall "determine contested facts . . . and their application to applicable standards." N.C. Gen. Stat. § 160A-388(e2)(1) (2019) (repealed by S.L. 2019-111, § 2.3 as amended by S.L. 2020-25, § 51(b), eff. June 19, 2020) (recodified as N.C. Gen. Stat. § 160D-406(j) (2021))[4]. Appellate review of the BOA's decision is strictly limited to the grounds invoked by the BOA. *See Godfrey*, 317 N.C. at 64, 344 S.E.2d at 279–80.

¶ 24    Here, the effective date, within the meaning of Section 16-8.1, is the date of the 2019 Amendment, 13 August 2019, as properly determined by the BOA. Petitioner was twice cited by the Town for violating the Town's purported ban on short-term rentals, once before and once after the 2019 Amendment. The record is clear that the alleged violation in each instance was specific to the Town's proscription against "short-term rentals of less than 28 days." In neither instance did the Town cite Petitioner for violating the Town's regulation of "temporary residences renting by the day or week." Accordingly, the question of whether Petitioner's property use violated the Town's regulation of "temporary residences renting by the day or week" was neither a contested fact between the parties nor the standard applicable to this case. *See* N.C. Gen. Stat. § 160A-388(e2)(1) (2019)

---

[4] For a detailed discussion of the General Assembly's recent reorganization of our land use statutes, *see Schroeder v. City of Wilmington*, 282 N.C. App. 558, 2022-NCCOA-210.

(repealed by S.L. 2019-111, § 2.3 as amended by S.L. 2020-25, § 51(b), eff. June 19, 2020) (recodified as N.C. Gen. Stat. § 160D-406(j) (2021)).

¶ 25    Thus, the BOA erred and exceeded its quasi-judicial authority to determine contested facts upon applicable standards by mischaracterizing the nature of Petitioner's property use, implicating a land use category he was not cited for violating, to attain a particular outcome.  By denying Petitioner's claim pursuant to the "otherwise lawful" provision of Section 16-8.1 of the Town's 1984 Land Use Ordinances—a standard not implicated by the NOV—the BOA erred and exceeded its quasi-judicial authority conferred by statute.  *See* N.C. Gen. Stat. § 160A-388(e2)(1) (2019) (repealed by S.L. 2019-111, § 2.3 as amended by S.L. 2020-25, § 51(b), eff. June 19, 2020) (recodified as N.C. Gen. Stat. § 160D-406(j) (2021)).

¶ 26    Therefore, the superior court properly concluded the BOA had erred by concluding Petitioner's short-term rental use was not "otherwise lawful" under the local ordinance through its improper reference to an inapplicable standard.

(3) The Superior Court Did Not Err in Concluding Petitioner's Property Use Became a Nonconforming Use Effective 13 August 2019

¶ 27    For the reasons expressed in Section A(1) *supra*, including the ambiguity or obscurity caused by simultaneous regulation of two substantially similar land use categories between 2000 and 2019, the superior court did not err in concluding that short-term rentals, as defined in the 2000 Amendment, were not regulated by the

Town until the 2019 Amendment took effect. Since Petitioner obtained the Property on 29 June 2016, during the ineffective period of the Town's attempts to regulate short-term rentals, it follows that Petitioner's use first acquired a nonconforming character on the effective date of the 2019 Amendment.

(4) The BOA Erred and Exceeded its Authority by Failing to Conclude Petitioner Established a *Prima Facie* Case of Nonconforming Use and Denying His Claim

¶ 28    "[T]he burden of proving the existence of an operation in violation of the local zoning ordinance is on [the Town]." *Shearl v. Town of Highlands*, 236 N.C. App. 113, 116–17, 762 S.E.2d 877, 881 (2014) (quoting *City of Winston–Salem v. Hoots Concrete Co., Inc.,* 47 N.C. App. 405, 414, 267 S.E.2d 569, 575 (1980)).

> Ordinarily, once a town meets its burden to establish the existence of a current zoning violation, the burden of proof shifts to the landowner to establish the existence of a legal nonconforming use or other affirmative defense. . . . The defendant, of course, has the burden of establishing all affirmative defenses, whether they relate to the whole case or only to certain issues in the case. As to such defenses, he is the actor and has the laboring oar. The city had the burden of proving the existence of an operation in violation of its zoning ordinance.

*Id.* at 118, 762 S.E.2d at 882 (cleaned up).

¶ 29    Section 16-2.2 of the Town's Land Use Ordinances defines a "Nonconforming Use" as, "[a] nonconforming situation that occurs when the property is used for a purpose or in a manner made unlawful by the use regulations applicable to the

district in which the property is located." "[N]onconforming situations that were otherwise lawful on the effective date of this chapter may be continued[,]"provided the grandfathered nonconforming use is not "discontinued for a consecutive period of 180 days" or "discontinued for any period of time without a present intention to reinstate the nonconforming use[.]" Sections 16-8.1, 16-8.6.

¶ 30    Here, the BOA found, based upon the evidence established at the hearing, that "[s]ince [Petitioner] bought the Property there has been no 180 day period that he did not rent a unit for less than 28 days." This unchallenged fact found by the BOA is binding on appeal. *See Massey v. City of Charlotte*, 145 N.C. App. 345, 348, 550 S.E.2d 838, 841 (2001). Having previously concluded the superior court properly identified the date Petitioner's use transformed into a nonconforming use as 13 August 2019, that court similarly did not err by concluding the BOA erred in failing to recognize that Petitioner made out a *prima facie* case of nonconforming use under the Town's ordinances.

¶ 31    Furthermore, the BOA exceeded its authority by mischaracterizing Petitioner's nonconforming use of a short-term rental as a "temporary residence renting by the day or week[,]" which was not a contested fact between the parties or the legally applicable standard, given the nature of the violation alleged in the NOV.

(5) <u>The BOA Decision Was Not Supported by Competent, Material, and Substantial Evidence</u>

The Town further contends the superior court's conclusion that "the BOA's decision was not based upon competent, material, and substantial evidence appearing in the record[,]" without further explanation, constitutes error as a matter of law.  After careful review, we agree with the Town that this conclusion is derived from the superior court's prior conclusions of law.  *See Thompson*, 2022-NCCOA-382, ¶ 13 (quoting *Dellinger*, 248 N.C. App. at 324–25, 789 S.E.2d at 27) ("[W]hether competent, material and substantial evidence is present in the record is a conclusion of law.").

Absent the BOA's erroneous invocation of "tourist homes and other temporary residences renting by the day or week[,]" unchallenged findings of fact by the BOA and unrebutted testimony by Petitioner would have established a valid situation of grandfathered, nonconforming short-term rental use.  Since unrebutted testimony supported Petitioner's claim of grandfathered, nonconforming use, the superior court did not err in exercising whole record review and concluding the BOA's decision to deny Petitioner's claim of nonconforming use was not supported by competent evidence.  *See Thompson*, 2022-NCCOA-382, ¶ 13.  In short, we discern no error in the superior court's conclusion that the evidence before the BOA

was not supportive of the BOA's decision, absent the BOA's invocation of an inapplicable standard. *See id.*

### B. Alternative Bases to Support the 15 March 2021 Amended Order

Petitioner asserts that the Amended Order failed to review several issues and arguments he advanced before the BOA in support of the superior court's reversal of the BOA decision, thus depriving Petitioner of alternative bases in law to support the Amended Order. *See* N.C. R. App. P. 10(c), 28(c). Having affirmed the superior court's Amended Order, we do not reach Petitioner's alternative theories of relief.

## VI. Conclusion

Based on the forgoing, we conclude the superior court correctly applied the appropriate standard of review in reversing the BOA's denial of Petitioner's claim of grandfathered, nonconforming use. *See Bailey & Assocs., Inc.*, 202 N.C. App. at 190, 689 S.E.2d at 586. Therefore, we affirm the Amended Order.

AFFIRMED.

Judges TYSON and JACKSON concur.